DECISION
The matter is before the Court on the motion of the Rhode Island Probation and Parole Association (hereinafter referred to as "Union") to award it attorneys' fees in the amount of $3900 pursuant to Title 28, Chapter 9, Section 18 of the General Laws of Rhode Island. The State of Rhode Island Department of Corrections (hereinafter referred to as "State") objects.[1]
 FACTS AND TRAVEL
The basis of the Union's claim is that since the State withdrew a motion to vacate it had filed, it is entitled to reasonable attorneys' fees pursuant to the above-mentioned statute. The statute reads, in part: "If the motion to vacate, modify, or correct an arbitrator's award is denied, the moving party shall pay the costs and reasonable attorneys' fees of the prevailing party."
While the Union acknowledges that this Court never denied the State's motion to vacate, it contends the State's withdrawal of its motion after the Union had done preparatory legal work is the equivalent of a denial thereby triggering the award of attorneys' fees. The State's position is that the literal interpretation of this statute should apply since its language is clear and *Page 2 
unambiguous and because the Court never denied the motion, attorney's fees are not available to the Union.
The Court recognizes that the purpose of this provision is to discourage frivolous motions by the losing party in an arbitration proceeding and at the same time, give strength to an arbitrator's award. After a careful review of the statute in question, the Court finds that its language is clear and unambiguous and, as such, must give the words of the statute their plain and ordinary meanings. The Court finds further that there is no room for statutory construction and it must apply the statute as written. See Castelli v. Carcieri, 961 A.2d 277
(R.I. 2008).
This Court indicated in its decision on the merits that the arbitrator made two awards; the first in favor of the Union, and then a second, inconsistent one, in favor of the State. The Court further concluded that the State either did not timely object to the first award or withdrew its motion to vacate as to that award and, thus, found that the first award was binding upon the parties and in favor of the Union.
As such, the fact that the State had withdrawn its motion was one of the primary reasons the Union prevailed in this action. To now turn around and seek attorneys' fees based upon the very conduct that brought it relief is illogical. While it is true that the Union spent time preparing legal arguments as it pertained to the motion to vacate, it is also obvious to the Court that much of the same time was spent in preparing its case as it pertained to the Union's own motion to confirm the arbitrator's first award. Much of the work performed by its attorneys would have had to be done in any case.
 CONCLUSION
In order for the Union to prevail on this motion, the statute in question would have to be much broader, including language to the effect that, "If the motion to vacate is denied or *Page 3 withdrawn, the moving party shall pay reasonable attorneys' fees." This added language needs the action of the legislature and cannot be written into a clear, unambiguous statute by this Court.
Accordingly, the Union's motion for attorneys' fees in the amount of $3900 is denied. The parties shall enter an order consistent with this decision.
[1] The Court notes that the pleadings have interchanged the "petitioner" and "respondent" at various points. The correct caption of the case, however, would have the Union as "petitionef' and the State as "respondent." *Page 1